

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JJD:RAT/CMM/LTG          *610 Federal Plaza*
                         *Central Islip, New York 11722*

February 22, 2018

<u>By ECF & Hand</u>

Honorable Anne Y. Shields
United States Magistrate Judge
United States District Court
Eastern District of New York
834 Federal Plaza
Central Islip, New York 11722

Re:     United States v. Richard "Rob" Walker
        <u>Docket No. 18-CR-087 (JMA)</u>

Dear Judge Shields:

The government respectfully submits this letter in anticipation of the arraignment of the defendant Richard Walker, also known as "Rob Walker," on the enclosed indictment (the "Indictment") scheduled for later today.   For the reasons detailed below, the government requests that the Court to post a substantial bond and satisfy several conditions before he is released, which will assure Walker's presence at future court appearances and the safety of the community.

BACKGROUND[1]

<u>The Indictment</u>

On February 20, 2018, a grand jury returned the Indictment against Walker.  The Indictment charges Walker with: (1) obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2); and (2) making false statements, in violation of 18 U.S.C. § 1001(a)(2).

The Indictment results from an on-going investigation by the Federal Bureau of Investigation ("FBI") and Internal Revenue Service, Criminal Investigation ("IRS-CI") into whether public officials in Nassau County, including Walker, accepted payments from contractors with Nassau County and whether the individuals involved have obstructed the investigation and given false statements to federal law enforcement officials.   The Indictment

---

[1] This proffer of facts is not a complete statement of all facts and evidence of which the government is aware or that it will seek to introduce at trial.

alleges that Walker, while holding public office, obstructed or attempted to obstruct a federal grand jury investigation in order to cover-up the fact that, inter alia, in 2014, he accepted a $5,000 cash payment from a Nassau County contractor when he was the Chief Deputy County Executive under Nassau County Executive Edward Mangano.

Specifically, in October of 2014, Walker accepted an invitation from a Nassau County contractor to attend a University of Notre Dame football game in South Bend, Indiana. While in Indiana, Walker accepted a $5,000 cash payment from the contractor after the football game, prior to returning to New York. Thereafter, in 2017, once Walker learned that the United States Attorney's Office for the Eastern District of New York and the FBI had opened a grand jury investigation of potential corruption in Nassau County government, including the circumstances surrounding the $5,000 payment made by the contractor to Walker, Walker spoke with the contractor on several occasions in an attempt to convince the contractor to conceal the existence of the $5,000 payment from the grand jury. Further, Walker urged the contractor to provide a false explanation to the grand jury concerning both the character of the payment and the reasons for the payment. Finally, Walker arranged to meet the contractor in a park in Hicksville, New York in order to return the $5,000. The FBI surveilled the meeting, and at the meeting, Walker gave the contractor an envelope containing $5,000, which was then turned over to law enforcement. Thereafter, Walker, when interviewed by the FBI concerning the payment, made a number of false statements, including denying that he received any cash payments from the contractor.

<u>ARGUMENT</u>

<u>Bail Options Under the Bail Form Act</u>

A court has four basic options under the Bail Reform Act. It may: (1) order the release of the defendant on personal recognizance or upon executing an unsecured appearance bond; (2) order the release of the defendant, subject to one or more other conditions designed to assure the defendant's presence and the safety of others; (3) order temporary detention for up to 10 days; and (4) order permanent detention based upon risk of flight or dangerousness. <u>See</u> 18 USC §§ 3142 (a)-(e).

While the government is not seeking Walker's detention in this matter, we strongly recommend a substantial bail package, which would include the posting of property and the co-signing of a $200,000 bond by sureties for both economic and moral suasion. Additionally, the government is requesting that Walker surrender all weapons in his possession to a local police precinct, that he surrender his passport to the court, that his travel be limited to the Eastern and Southern Districts of New York, and that he report as directed to a pretrial officer ("Pretrial Services Officer"). The obvious concern is, as alleged in the Indictment, Walker obstructed justice in this matter in an attempt to influence the grand jury's investigation, and made materially false statements to agents in an unsuccessful attempt to thwart the grand jury's investigation. Furthermore, during the course of this investigation, the government has identified additional third parties that Walker enlisted in an attempt to assist

him with obstructing the grand jury investigation and convincing the contractor to lie to law enforcement about the $5,000 cash payment.

<u>CONCLUSION</u>

For the reasons set forth above, Walker should be required to post a $200,000.00 secured bond co-signed by appropriate suretors.  Additionally, Walker should surrender all weapons in his possession to a local police precinct, surrender his passport to the court, his travel be limited to the Eastern and Southern Districts of New York, and he report as directed to a Pretrial Services Officer to ensure that there will be consequence to any continued obstruction of justice or should Walker otherwise seek to evade the jurisdiction of this Court.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:      /s/
         Raymond A. Tierney
         Catherine M. Mirabile
         Lara Treinis Gatz
         Assistant U.S. Attorneys

Enclosure (Indictment)
cc:     Brian Griffin, Esq.