# FOLEY GRIFFIN, LLP
*ATTORNEYS AT LAW*

THOMAS J. FOLEY
BRIAN J. GRIFFIN
DANIEL W. RUSSO
--------------------------------
KELLY GUTHY
CHRIS MCDONOUGH, SPECIAL COUNSEL

666 OLD COUNTRY ROAD, SUITE 305
GARDEN CITY, NEW YORK 11530
(516) 741-1110
www.foleygriffin.com
bjg@foleygriffin.com
--------------

SUFFOLK COUNTY OFFICE
33 MAIN STREET
SOUTHAMPTON, NEW YORK 11968
(631) 506-8170

May 11, 2018

By Email and ECF
United States Attorney's Office
Eastern District of New York
Attn: AUSA Raymond Tierney
      AUSA Catherine Mirabile
610 Federal Plaza
Central Islip, New York 11722

    **RE:**    **United States of America v. Richard "Rob" Walker**
               **Docket No.: 18-CR-087**

Dear Mr. Tierney and Ms. Mirable:

    Please consider this letter my continued request for discovery in this matter. I hope to receive the following discovery in the near future, if not already provided;

    A.    Under Rule 16 (a)(1)(A), all oral, written, or recorded statements or testimony made by the defendant to any law enforcement officer, informant, or other government agent or employee, including the portion of any person's written record or report which includes the substance of such statements repeated, reported or incorporated into the document.

    B.    Under Rule 16 (a)(1)(B), the defendant's prior criminal record, including any arrests or convictions.

    C.    Under Rule 16 (a)(1)(C), a copy of all books, papers, documents, photographs, tangible objects or identification of buildings or places, which are material to the preparation of a defense, or intended for use in any way by the government at trial (including direct introduction or indirect reference), or which were obtained from or belong to the defendant.

    D.    Under Rule 16 (a)(1)(D), the results or reports of any physical or mental examinations, scientific experiments or tests, including but not limited to any and

all laboratory reports, which are either intended for use by the government at trial (through either direct introduction or indirect reference) or which are material to the preparation of a defense (this later category includes examinations or tests which were incomplete, inconclusive or not intended to be used by the government at trial).

E. Under Rule 16(a)(1)(E), written summaries of testimony which the government intends to use under FRE Rules 702, 703, or 705, including each such witness' opinions, the basis and reasons for each such opinion, and each such witness' qualifications.

F. All information and material known to the government which may be favorable to the defendant on issues of guilt or punishment, without regard to materiality, within the scope of Brady v. Maryland, 373 U.S. 83 (1963); United States v Bagley, 473 U.S. 667 (1985) and Kyles v Whitley, 514 U.S. 419 (1995), including:

1. Any material or information which would tend to attenuate, exculpate, exonerate, mitigate or reduce or limit the defendant's involvement in or liability for any of the circumstances alleged in the indictment;

2. Any material or information which affects the credibility of any government witness or which would be of assistance in the cross-examination of any government witness, including (a) prior criminal records (including juvenile court matters or arrests which did not result in conviction), (b) any records or information revealing prior misconduct or bad acts, (c) inconsistent statements, (d) self-incriminating statements, (e) inconclusive or deceptive performance on any portion of a polygraph examination, (f) any threats, investigation, or possible prosecutions pending or which could be brought against the witness, (g) any supervision status, (h) any pending or potential legal disputes with any local, state or federal government or agency, (i) information concerning any possible motive of the witness in offering statements or testimony, (j) information concerning any agreements, deals, promises or inducements offered, discussed or made with a witness by any local, state or federal government employee, without regard to whether or not such employee was authorized to offer such to the witness, (k) sufficient identification of each occasion on which the witness has previously testified so that defense counsel may investigate such matters and obtain transcripts if necessary, (l) personnel and Government files concerning the witness, and (m) whether the witness has ever had his or her credibility or reliability questioned or doubted by any court, prosecutor, or law enforcement agent.

3. Any material or information concerning other potential witnesses whose testimony might tend to weaken any portion of the government's case, or contradict any government witness, or strengthen the defense case;

4. Any material or information which might raise questions concerning (a) the probative value of any physical evidence which the government intends to use at trial, (b) the good faith or thoroughness of the investigation conducted by any law

enforcement personnel which contributed to this indictment, or law enforcement reliance on unreliable informants or information; and

    5. Any statements, testimony or physical evidence concerning criminal conduct relevant to the allegations contained in the indictment but which does not include reference to the defendant. For example, this would include prior statements of a government witness in which the witness was listing persons known by him to have committed relevant criminal acts, where such statement did not include a reference to the defendant. As another example, this would include the recovery of photographs or latent fingerprints from a crime scene, where such photographs did not show the defendant or the fingerprints did not include prints of the defendant.

G.     The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective witnesses, within the scope of United States v Giglio, 405 U.S. 150 (1972), including any documents which reflect, or information concerning, any agreement with the witness, any conduct requirements or performance expectation of the witness, any payment promised to or made to the witness, any requests by the witness for payment, or any items submitted by the witness for payment, and the dates, times and amounts of any payments or promises given.

H.     Any record of prior convictions of any alleged informant who will testify for the government at trial. Such information is of course impeachment for any government witness, and thus your production in response to this section should not be confined to persons whose testimony arose from confidential or undercover activities, but would include the prior record of any government witness.

I.     If a line-up, show-up, photo spread or similar procedure was used in attempting to identify the defendant. the exact procedure and participants shall be described and the results, together with any pictures and photographs. Identification requests which did not result in the identification of the defendant are of course *Brady* and possible impeachment and thus should be included in your response.

J.     If any vehicle, vessel or aircraft was allegedly utilized in the commission of any offenses charged, an opportunity for myself and/or any expert selected by the defense to inspect it, if it is in the custody of any governmental authority. Identification of any vehicle described as being involved in the commission of the offense and as being owned by or in the control of the defendant should also be disclosed under this provision. Identification of any vehicle described as being involved in the commission of the offense and as not being owned by or in the control of the defendant should also be disclosed as Brady and possible impeachment and thus should be included in your response.

K.     Copies of any latent fingerprints, or prints of any type and any reports concerning those prints. Of course, any latent fingerprints identified as not being those of the defendant should also be provided as *Brady* and possible

impeachment.

L.     Any intention by the government to introduce evidence in its case in chief at trial, pursuant to Rule 404(b) of the Federal Rules of Criminal Procedure, including a description of such proposed evidence to a degree which fairly apprises the defendant of its general nature and which is sufficiently clear so as to permit pretrial resolution of the issue of its admissibility. United States v Barnes, 49 F.3d 1144, 1148-1149 (6th Cir. 1995); United States v. Lampley, 68 F.3d 1296 (11th Cir. 1995).

M.     Information concerning whether or not the defendant was an "aggrieved person" as defined in 18 U.S.C. 2510(11).

N.     Notice, pursuant to F.R.Cr.P. 12(d), complete notice of all evidence which the government intends to use at trial of this matter which was obtained as a result of a search, seizure, electronic or video interception, or statement of the defendant, so that I may timely determine whether such evidence is subject to a motion to suppress.

O.     I further request that you arrange for the transcription of the grand jury testimony of all witnesses who will testify in the government's case in chief, if subject to Fed. R. Crim.P. 26.2 and 18 U.S.C §3500. Of course, statements discoverable under *Brady* and *Jencks* include all relevant prior statements of a witness, including trial or pretrial testimony and reports which include verbatim descriptions of the witness or which have been adopted by the witness.

P.     I further request early production of "Jencks Act Statement" in order to avoid delay or necessity for a continuance during trial. Please inform me as to when this material will be available.

Q.     I further request that you advise all government agents and officers involved in the case to preserve all rough notes. Those notes should thus be provided to us, through copies or an opportunity for inspection, if they contain any of the information or material mentioned above or Jencks material discoverable under paragraph 2(A) of the Standing Discovery Order.

Finally, I ask that you continue to supplement any response to these requests, as required by F.R.Cr.P. 16(c).

Very truly yours,

Foley Griffin, LLP.
By: Brian J. Griffin, Esq.