

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

NB:JAM
F.# 2014R00337

*610 Federal Plaza
Central Islip, New York 11722*

October 11, 2018

<u>By ECF and Hand Delivery</u>

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
Central Islip, New York 11722

      Re:    <u>United States v. Walker</u>
               <u>Docket No. 18-CR-087 (JMA)</u>

Dear Judge Azrack:

      The government respectfully submits this letter regarding the trial date in the above-captioned case, which is currently scheduled to begin on January 7, 2019. The defendant's trial date has been implicated by Tuesday's adjournment in <u>United States v. Mangano</u>, 16-CR-540, which is also pending before Your Honor, and is now scheduled to proceed to trial on January 10, 2019. In light of the adjournment in <u>Mangano</u>, the government respectfully requests that the defendant's trial date be advanced to November 12, 2018.

      As discussed during the June 27, 2018 status conference, trial on the instant matter is expected to be brief – the government currently plans to call approximately six witnesses and complete its direct case within two to three days, with both parties envisioning the entire trial lasting less than a week.

      Additionally, while both the <u>Walker</u> and <u>Mangano</u> defendants were formerly Nassau County public officials, any hypothetical risk of prejudice to either case can be easily remedied. As the Court is aware, the instant case and <u>Mangano</u> are entirely unrelated, with each matter having distinct facts, charges, witnesses and legal issues. While local media coverage of the <u>Mangano</u> case has been considerable, any concerns regarding potential juror conflation or bias can be adequately addressed during voir dire and by the Court's jury instructions. <u>See</u>, e.g., <u>United States v. McDonough</u>, 56 F.3d 381 (2nd Cir. 1995) (district court is entitled to presume that jurors follow its instructions to avoid contact with media

reports about the trial, to limit their exposure if contact is unavoidable, and to remain impartial); Schiavone Const. Co. v. Merola, 678 F.Supp. 64 (S.D.N.Y. January 29, 1988) (safeguards that may protect against effects of potential prejudicial pretrial publicity include thorough voir dire, peremptory challenges and challenges for cause); United States v. Poulsen, 655 F.3d 492 (6th Cir. 2011) (pretrial exposure to "circus-like" media coverage does not presumptively prejudice jurors and is appropriately handled during voir dire); United States v. Casamento, 887 F.2d 1141 (2nd Cir. 1989) ("in light of the district judge's instructions and inquiries of the jury…and his considered conclusions as to the jurors' impartiality, we believe that he acted well within his discretion in deciding that the publicity which the trial generated did not affect the jurors' ability to serve fairly"); United States v. Claxton, 766 F.3d 280 (3rd Cir. 2014) (defendant was not prejudiced by media surrounding a related trial, where organizational chart of the conspiracy listed names of defendant and codefendants, where district court ensured that it eliminated any potential prejudice from earlier trial during voir dire).

For the foregoing reasons, the government respectfully requests that the trial date be advanced to November 12, 2018.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/
Artie McConnell
Assistant U.S. Attorneys
631-715-7825

cc: Brian John Griffin, Esq. (by ECF)
     Kevin Keating, Esq. (by E-Mail)
     John Carman, Esq. (by E-Mail)
     AUSA Catherine Mirabile (by E-Mail)
     AUSA Lara Treinis-Gatz (by E-Mail)