# FOLEY GRIFFIN

## Attorneys at Law

Thomas J. Foley
Brian J. Griffin
Daniel W. Russo

Kelly A. Guthy
Chris McDonough, Special Counsel

666 Old Country Road, Suite 305

Garden City, New York 11530

Phone: 516-741-1110

www.foleygriffin.com

Suffolk County Office
33 Main Street
Southampton, New York 11968
(631) 506-8170

September 11, 2020

**VIA EMAIL**

Hon. Joan Azrack
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

      RE:    **United States v. Richard (Robert) Walker**
                **2:18CR-00087-001**

Dear Judge Azrack:

      I respectfully write on behalf of my client, Robert Walker, the defendant in the above-referenced matter. As indicated in the Pre-Sentence Report (hereinafter PSR), Mr. Walker pled guilty to a single count of Obstruction of Justice pursuant to 18 U.S.C. §1512 (c) (2) and is awaiting sentence. The purpose of this correspondence is to draw Your Honor's attention to Mr. Walker's objections to the PSR prepared by United States Probation Officer Steven Guttman.

      Initially, the defense objects to the two-point adjustment suggested by Probation for Role in the Offense pursuant to USSG §3B1.3. The incident which brings Mr. Walker before this Court was a personal trip to a Notre Dame football game that Mr. Walker and his wife attended with Anthony Gulino and his wife. Mr. Walker has had a personal relationship with Mr. Gulino for over twenty years and this trip had nothing to do with Mr. Walker's position with Nassau County. In planning the trip, Mr. Walker procured airline tickets for the Gulinos using his credit card points. Additionally, he purchased multiple clothing items from the Notre Dame bookstore and food for both couples. At the conclusion of the trip, Mr. Gulino, unsolicited, gave Mr. Walker an envelope with cash in an attempt to even things out. As Mr. Walker admitted, when Mr. Gulino told him he received a Grand Jury subpoena and asked what he should do, Mr. Walker told him to deny the cash payment existed.

      While certainly acknowledging how wrong this conduct was, the trip to Notre Dame and the cash reimbursement had nothing to do with a county contract or any public or private trust. As such, we would object to the two-point increase.

Further, the Probation Department suggested the Court may consider an upward departure from the guidelines for Additional Conduct. Specifically, the following objections pertain to paragraphs 28-42 of the PSR entitled, Additional Conduct. The pertinent objections are as follows:

Friends of Ed Mangano (FOEM)

In discussing Mr. Walker's role in assisting Edward Mangano's campaign Probation states, with no factual basis that, "$250,000.00 in payments to Walker remain unsubstantiated and was improperly given to Mr. Walker."

Mr. Walker objects to the notion that he improperly received any funds from FOEM. In fact, all payments for reimbursed expenses or other payments have always been proper and fully disclosed to the public on the State Board of Election website. This is a public record and it completely and accurately addresses every payment made to Mr. Walker. Clearly, the Department of Probation did not review these filings. For the convenience of all, they are attached hereto. (See Exhibit 1). A review of these transactions substantiates the reason and legitimacy of every payment.

SPLASH VIP Waterways Recovery

Further, Probation, without proof, opines that Splash VIP (a private company) contributed to the Hicksville Republican Club at or about the time they received a county contract and, as such, there is a insinuation that it was a "pay to play" gratuity intended to benefit Mr. Walker.

First, Mr. Walker did not award the contract in question nor did he stand to gain anything from the awarding of said contract. Again, this donation was properly received and fully disclosed on the New York State Board of Elections website for all to see. Second, this donation, which was received on August 18, 2014 (not 2013 as reported by Probation), some nine months after the awarding of the contract by the Nassau County Legislator, coincided with a yearly golf outing that the Hicksville Republican Club ran and was received by Richard Ginnoccora not Mr. Walker. Third, this donation included a foursome and sponsorship and was received at the same time multiple other donations were received. Finally, this money was not Mr. Walker's and was not a benefit to him personally.

Kristen Dicerbo

The Probation department, without any indication of a specific accusation, states that Kristen Dicerbo withdrew cash from her bank account and therefore gave it to Mr. Walker. The basis of this allegation is unclear to the defendant and Mr. Walker denies it in its entirety.

Based upon information and belief, Kristen Dicerbo formed and operated a private consulting firm. It appears all fees she received were for legitimate services she rendered. Mr. Walker did not control her company, her bank account and he did receive any cash from Ms. Dicerbo from any account. In terms of the unfounded allegation related to Ms. Dicerbo, it appears

Ms. Dicerbo re-deposited most, if not all of the cash she took from her business bank account into her personal bank account. Ms. Dicerbo's personal bank, SEFCU (State Employees Federal Credit Union) had a 10-day holding period before checks would fully clear. As such Ms. Dicerbo would take cash from her business account at Bank of America, literally walk across the street and deposit it into SEFCU, to avoid having to wait to use her own money. While the Government has advised Probation about the cash withdrawals, it appears they failed to advise Probation about the cash deposits that coincided with these withdrawals. One would assume that the Government is in possession of the bank records and these deposits can be verified.

### Campaign of Dan DeBono

Mr. Walker owns and operates a consulting firm, Cooper Hudson Consulting. Mr. Walker's firm provided services to CC Enterprises and was paid for same. This was done by check and in fact Mr. Walker provided Probation with these checks. Cooper Hudson is not a charity or not for profit business and it is entitled to be paid for the services and work it provides. In terms of the volunteer work Mr. Walker personally did for Mr. DeBono (calls, meetings, rallies), he did not request nor was he paid anything for his time and efforts.

### Bread and Rolls

As this Court is aware, Edward Mangano was acquitted on the charges involving the "bread and rolls" contract. Beyond the jury finding the government's position unpersuasive, it remains factually incorrect. The late Nassau County Legislature Peter Schmitt objected to an award of the contract to Rockland Bakery as they were not located in Nassau County. The Nassau County legislature had passed a local preference law which directed that, when possible, county contracts should go to businesses located in the county. Chris Ostuni, Peter Schmitt's counsel contacted Mr. Walker in an effort to ensure that the local preference law was being followed. Mr. Walker properly, through work emails and meetings, assisted Mr. Ostuni in ensuring this was being implemented. Mr. Walker derived absolutely no benefit from this contract whether awarded to Rockland Bakery or Mr. Singh's bakery, San Remo.

Respectfully, Mr. Walker requests that paragraphs 28-42 be stricken from the PSR and/or that it not be considered by the Court when determining Mr. Walker's pending sentence.

Respectfully submitted,

Brian J. Griffin
Attorney for the Defendant

CC:
Artie McConnell, AUSA
Steven Guttman, US Probation Department