# FOLEY GRIFFIN, LLP
*ATTORNEYS AT LAW*

THOMAS J. FOLEY
BRIAN J. GRIFFIN
DANIEL W. RUSSO

---

KELLY GUTHY
CHRIS MCDONOUGH, SPECIAL COUNSEL

666 OLD COUNTRY ROAD, STE. 305
GARDEN CITY, NEW YORK 11530
(516) 741-1110
FAC. (516) 741-9171

SUFFOLK COUNTY OFFICE
33 MAIN STREET
SOUTHAMPTON, NEW YORK 11968
(631) 506-8170

October 7, 2021

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    **RE: United States v. Richard (Rob) Walker**
         **Docket No.: 18 -CR-087 (JMA)**

Dear Judge Azrack,

    As Your Honor may recall, this office represents Mr. Richard (Rob) Walker in the above referenced matter which is scheduled for sentencing on October 20, 2021 at 2:30pm. Please allow this letter to supplement our sentencing memorandum previously filed on January 15, 2021.

    Attached please find three reports from MCM Data Consulting which detail comparative sentences to defendants similar to Mr. Walker. We forward this information pursuant to Title 18 U.S. 3553 (a)(6) which directs the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" be considered when imposing sentence. These reports were run in May 2021 before Mr. Walker's sentence was adjourned and were the most recent information available at that time.

    We hope that Your Honor considers the attached when determining what sentence is appropriate in this matter. If the Court requires any further information, please do not hesitate to contact the undersigned directly.

Very truly yours,

Foley Griffin, LLP.
By: <u>Brian J. Griffin, Esq.</u>

Encl.



# MEMORANDUM

**TO:** Brian Griffin, Esquire
Attorney for Richard "Rob" Walker

**FROM:** Meredith Patti, Esquire
Mary Cate Rush, Chief Statistician

**DATE:** May 11, 2021

**SUBJECT:** WALKER – USSG §2J1.2 FEDERAL SENTENCING DATA ANALYSIS (FSDA)

Title 18 U.S.C. §3553(a)(6) directs that the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" be considered when imposing sentence. To this end, we were retained to prepare a data analysis to determine comparative sentences imposed on defendants most similar to Mr. Walker.

*Mr. Walker pleaded guilty to violating 18 USC §1512(c)(2) and will be sentenced in United States District Court for the Eastern District of New York. Mr. Walker is a Criminal History Category I (zero criminal history points). According to his Presentence Investigation Report (PSR), Mr. Walker is scored using USSG §2J1.2 as follows: 14-level increase for Base Offense Level; 2-level increase for Abuse of Position of Trust; and 3-level decrease for Acceptance of Responsibility. This results in a Total Offense Level of 13 (12-18 months of imprisonment). Mr. Walker contends that the 2-level increase for Abuse of Position of Trust does not apply and therefore his Total Offense Level should be 12[1] (10-16 months of imprisonment).*

## THE USSC DATABASE

The United States Sentencing Commission (USSC) maintains a comprehensive, computerized data collection system of federal sentencing information.[2] Pursuant to 28 USC § 994(w) each chief judge of a district is required to ensure that within 30 days after entry of judgment in a criminal case the sentencing court submits a report of the sentence to the Commission that includes: (1) the judgment and commitment order; (2) the statement of reasons (including the reasons for any departures or variances); (3) any plea agreement; (4) the indictment

---

[1] Based on the guideline scoring Mr. Walker contends is appropriate, he should only receive a 2-level decrease for Acceptance of Responsibility because his Adjusted Offense Level is less than 16.

[2] This data collection can be found at http://www.ussc.gov/research/datafiles/commission-datafiles.

4816 Twinbrook Road Fairfax VA 22032 ● office 703-971-0217 ● info@MCMDataConsulting.com

*Walker Analysis*
*May 11, 2021*
*Page 2*

or other charging document; (5) the presentence report; and (6) any other information the Commission needs.

This collection contains information on federal criminal cases sentenced under the Sentencing Guidelines and Policy Statements of the Sentencing Reform Act of 1984. The data files included in this study contain all cases received by the USSC that were sentenced between October 1, 1998 and September 30, 2019. United States Federal Courts handled over 1.5 million criminal cases between the fiscal years 1999 and 2019. The USSC estimates that 99% of all cases are included in this dataset.

## DATA ANALYSIS

**STEP 1:** For purposes of this analysis, we utilized the data sets for fiscal years 2004-2019 (see Step 3 for detailed explanation).

**STEP 2:** Selected cases to include only those where the information related to a defendant's guideline calculation(s) represented known court findings. That is, only those cases where the court either agreed with the probation officer's calculations of the sentencing guidelines or where the court clearly documented any changes it made to a defendant's guideline calculation. Total cases = 1,070,145. (This represents approximately 89% of all cases.)

**STEP 3:** Beginning in the November 2003 Guidelines Manual significant changes were made to USSG §2J1.2. Most notably, the Base Offense Level was increased to 14. In order to capture those cases most similar to the guideline that was used to score Mr. Walker, we selected only those cases where the defendant was scored according to USSG §2J1.2 using the 2003 or later Guidelines Manual.

> ➢ **1,068,210 cases Deleted**
> ➢ **1,935 cases Remain**

**STEP 4:** Mr. Walker is a Criminal History Category I and has no criminal history points. Deleted those cases where the defendant was not a Criminal History Category I or was a Criminal History Category I but had a criminal history point.

> ➢ **752 cases Deleted**
> ➢ **1,183 cases Remain**

**STEP 5:** Mr. Walker entered into a plea agreement. Deleted those cases where the defendant was convicted after trial.

> ➢ **167 cases Deleted**
> ➢ **1,016 cases Remain**

**STEP 6:** Mr. Walker's statute of conviction does not require a mandatory minimum sentence. Deleted those cases where the defendant's statute(s) of conviction required a mandatory minimum sentence or the information related to a mandatory minimum sentence was missing.

> ➢ **3 cases Deleted**
> ➢ **1,013 cases Remain**

**STEP 7:** Examined each case to determine if it contained missing or incomplete sentencing information. Deleted those cases that contained missing or incomplete sentencing information.

> ➢ **0 cases Deleted**
> ➢ **1,013 cases Remain**

**STEP 8:** Under both the PSR and Mr. Walker's scoring scenario Mr. Walker will receive a 14-level increase for Base Offense Level and no additional increases to his guideline scoring from any of the Specific Offense Characteristics in USSG §2J1.2. Deleted those cases where the defendant received an increase from any of the Specific Offense Characteristics in USSG §2J1.2.

> ➢ **354 cases Deleted**
> ➢ **659 cases Remain**

*Walker Analysis*
*May 11, 2021*
*Page 4*

### FINDINGS – MR. WALKER'S POSITION ON GUIDELINE SCORING

- Mr. Walker contends that his guideline scoring should be as follows: 14-level increase for Base Offense Level and 2-level decrease for Acceptance of Responsibility. This yields a Total Offense Level of 12 (10-16 months of imprisonment).

- Of the 659 defendants described in Steps 1-8, 526 defendants were scored precisely the same as the scoring Mr. Walker contends is appropriate. Of these 526 defendants, 276 defendants (52.5%) received a probationary/fine only sentence, 236 defendants (44.9%) were sentenced to a term of imprisonment, and 14 defendants (2.7%) were sentenced to Time Served (term unspecified). The average sentence imposed on these 512 defendants[3] was 3.3 months of imprisonment and the median sentence imposed was probation.

    - Of the 526 defendants scored precisely the same as the scoring Mr. Walker contends is appropriate, 59 defendants were sentenced in the **Second Circuit**. Of these 59 defendants, 33 defendants (55.9%) received a probationary/fine only sentence and 26 defendants (44.1%) were sentenced to a term of imprisonment. The average sentence imposed on these 59 defendants was 2.9 months of imprisonment and the median sentence imposed was probation.

    - Of the 59 defendants sentenced in the Second Circuit who were scored precisely the same as the scoring Mr. Walker contends is appropriate, 13 defendants were sentenced in the **Eastern District of New York**. Of these 13 defendants, 10 defendants (76.9%) received a probationary/fine only sentence and 3 defendants (23.1%) were sentenced to a term of imprisonment. The average sentence imposed on these 13 defendants was 2.4 months of imprisonment and the median sentence imposed was probation.

### MR. WALKER'S POSITION ON GUIDELINE SCORING – USSG §5K1.1 DEFENDANTS

- Of the 526 defendants who were scored precisely the same as the scoring Mr. Walker contends is appropriate, 113 defendants received a substantial assistance downward departure pursuant to USSG §5K1.1. Of these 113 defendants, 82 defendants (72.6%) received a probationary/fine only sentence, 26 defendants (23.0%) were sentenced to a term of imprisonment, and 5 defendants (4.4%) were sentenced to Time Served (term

---

[3] For purposes of this calculation, the 14 defendants sentenced to Time Served (term unspecified) were excluded because the precise amount of time these defendants served is unknown.

*Walker Analysis*
*May 11, 2021*
*Page 5*

unspecified). The average sentence imposed on these 108 defendants[4] was 0.9 months of imprisonment and the median sentence imposed was probation.

- Of the 113 defendants scored precisely the same as the scoring Mr. Walker contends is appropriate who received a USSG §5K1.1 departure, 10 defendants were sentenced in the **Second Circuit**. Of these 10 defendants, 9 defendants (90.0%) received a probationary/fine only sentence and 1 defendant (10.0%) was sentenced to a term of imprisonment. The average sentence imposed on these 10 defendants was 0.6 months of imprisonment and the median sentence imposed was probation.

- Of the 10 defendants sentenced in the Second Circuit who were scored precisely the same as the scoring Mr. Walker contends is appropriate who received a USSG §5K1.1 departure, 7 defendants were sentenced in the **Eastern District of New York**. All 7 defendants (100.0%) received a probationary/fine only sentence.

### MR. WALKER'S POSITION ON GUIDELINE SCORING – EXCLUDES USSG §5K1.1 DEFENDANTS

- Of the 526 defendants who were scored precisely the same as the scoring Mr. Walker contends is appropriate, 413 defendants did <u>not</u> receive a substantial assistance downward departure pursuant to USSG §5K1.1. Of these 413 defendants, 194 defendants (47.0%) received a probationary sentence, 210 defendants (50.8%) were sentenced to a term of imprisonment, and 9 defendants (2.2%) were sentenced to Time Served (term unspecified). The average sentence imposed on these 404 defendants[5] was 3.9 months of imprisonment and the median sentence imposed was 1 day of imprisonment.

  - Of the 413 defendants scored precisely the same as the scoring Mr. Walker contends is appropriate who did <u>not</u> receive a USSG §5K1.1 departure, 49 defendants were sentenced in the **Second Circuit**. Of these 49 defendants, 24 defendants (49.0%) received a probationary sentence and 25 defendants (51.0%) were sentenced to a term of imprisonment. The average sentence imposed on these 49 defendants was 3.3 months of imprisonment and the median sentence imposed was 1 day of imprisonment.

---

[4] For purposes of this calculation, the 5 defendants sentenced to Time Served (term unspecified) were excluded because the precise amount of time these defendants served is unknown.

[5] For purposes of this calculation, the 9 defendants sentenced to Time Served (term unspecified) were excluded because the precise amount of time these defendants served is unknown.

- Of the 49 defendants sentenced in the Second Circuit who were scored precisely the same as the scoring Mr. Walker contends is appropriate who did <u>not</u> receive a USSG §5K1.1 departure, 6 defendants were sentenced in the **Eastern District of New York**. Of these 6 defendants, 3 defendants (50.0%) received a probationary sentence and 3 defendants (50.0%) were sentenced to a term of imprisonment. The average sentence imposed on these 6 defendants was 5.2 months of imprisonment and the median sentence imposed was 2.0 months of imprisonment.

**FINDINGS – PSR POSITION ON GUIDELINE SCORING**

- Mr. Walker's PSR states that his guideline scoring should be as follows: 14-level increase for Base Offense Level; 2-level increase for Abuse of Position of Trust; and 3-level decrease for Acceptance of Responsibility. This yields a Total Offense Level of 13 (12-18 months of imprisonment).

- Of the 659 defendants described in Steps 1-8, 38 defendants were scored precisely the same as the scoring contained in Mr. Walker's PSR. Of these 38 defendants, 15 defendants (39.5%) received a probationary sentence, 21 defendants (55.3%) were sentenced to a term of imprisonment, and 2 defendants (5.3%) were sentenced to Time Served (term unspecified). The average sentence imposed on these 36 defendants[6] was 6.5 months of imprisonment and the median sentence imposed was 6.0 months of imprisonment.

    - Of the 38 defendants scored precisely the same as the scoring contained in Mr. Walker's PSR, 4 defendants were sentenced in the **Second Circuit**. Of these 4 defendants, 1 defendant (25.0%) received a probationary sentence and 3 defendants (75.0%) were sentenced to a term of imprisonment. The average sentence imposed on these 4 defendants was 10.0 months of imprisonment and the median sentence imposed was 7.9 months of imprisonment.

    - Of the 4 defendants sentenced in the Second Circuit who were scored precisely the same as the scoring contained in Mr. Walker's PSR, 3 defendants were sentenced in the **Eastern District of New York**. All 3 defendants (100.0%) were sentenced to a term of imprisonment. The average sentence imposed on these 3 defendants was 13.3 months of imprisonment and the median sentence imposed was 9.7 months of imprisonment.

---

[6] For purposes of this calculation, the 2 defendants sentenced to Time Served (term unspecified) were excluded because the precise amount of time these defendants served is unknown.

4816 Twinbrook Road Fairfax VA 22032 ● office 703-971-0217 ● info@MCMDataConsulting.com

Case 2:18-cr-00087-JMA   Document 56   Filed 10/07/21   Page 8 of 15 PageID #: 629

*Walker Analysis*
*May 11, 2021*
*Page 7*

### PSR POSITION ON GUIDELINE SCORING – USSG §5K1.1 DEFENDANTS

- Of the 38 defendants who were scored precisely the same as the scoring contained in Mr. Walker's PSR, 5 defendants received a substantial assistance downward departure pursuant to USSG §5K1.1. Of these 5 defendants, 3 defendants (60.0%) received a probationary sentence and 2 defendants (40.0%) were sentenced to Time Served (term unspecified). None of these defendants were sentenced in the Second Circuit.

### PSR POSITION ON GUIDELINE SCORING – EXCLUDES USSG §5K1.1 DEFENDANTS

- Of the 38 defendants who were scored precisely the same as the scoring contained in Mr. Walker's PSR, 33 defendants did not receive a substantial assistance downward departure pursuant to USSG §5K1.1. Of these 33 defendants, 12 defendants (36.4%) received a probationary sentence and 21 defendants (63.6%) were sentenced to a term of imprisonment. The average sentence imposed on these 33 defendants was 7.1 months of imprisonment and the median sentence imposed was 6.0 months of imprisonment.

  - Of the 33 defendants scored precisely the same as the scoring contained in Mr. Walker's PSR who did not receive a USSG §5K1.1 departure, 4 defendants were sentenced in the **Second Circuit**. Of these 4 defendants, 1 defendant (25.0%) received a probationary sentence and 3 defendants (75.0%) were sentenced to a term of imprisonment. The average sentence imposed on these 4 defendants was 10.0 months of imprisonment and the median sentence imposed was 7.9 months of imprisonment.

  - Of the 4 defendants sentenced in the Second Circuit who were scored precisely the same as the scoring contained in Mr. Walker's PSR who did not receive a USSG §5K1.1 departure, 3 defendants were sentenced in the **Eastern District of New York**. All 3 defendants (100.0%) were sentenced to a term of imprisonment and the average sentence imposed was 13.3 months of imprisonment and the median sentence imposed was 9.7 months of imprisonment.

4816 Twinbrook Road Fairfax VA 22032 • office 703-971-0217 • info@MCMDataConsulting.com

Case 2:18-cr-00087-JMA   Document 56   Filed 10/07/21   Page 9 of 15 PageID #: 630



## Summary of Findings for Rob Walker
## Defense Position on Guideline Scoring

### Guilty Pleading, Criminal History Category I Defendants (Zero Points)
### (Excludes Defendants with a Statutory Minimum Prison Term)
### National – FY 2004-2019

| | Total No. of Cases | Defendants Receiving Probation | Defendants Receiving Prison | Defendants Receiving Time Served (term unspecified) | Average Sentence | Median Sentence |
|---|---|---|---|---|---|---|
| **National** <br> §5K1.1 and No §5K1.1 Ds | 526 | 276 (52.5%) | 236 (44.9%) | 14 (2.7%) | 3.3 mo. | Probation |
| **Second Circuit** <br> §5K1.1 and No §5K1.1 Ds | 59 | 33 (55.9%) | 26 (44.1%) | 0 (0.0%) | 2.9 mo. | Probation |
| **Eastern District of New York** <br> §5K1.1 and No §5K1.1 Ds | 13 | 10 (76.9%) | 3 (23.1%) | 0 (0.0%) | 2.4 mo. | Probation |
| **National** <br> Received §5K1.1 | 113 | 82 (72.6%) | 26 (23.0%) | 5 (4.4%) | 0.9 mo. | Probation |
| **Second Circuit** <br> Received §5K1.1 | 10 | 9 (90.0%) | 1 (10.0%) | 0 (0.0%) | 0.6 mo. | Probation |
| **Eastern District of New York** <br> Received §5K1.1 | 7 | 7 (100.0%) | 0 (0.0%) | 0 (0.0%) | Probation | Probation |
| **National** <br> Did <u>Not</u> Receive §5K1.1 | 413 | 194 (47.0%) | 210 (50.8%) | 9 (2.2%) | 3.9 mo. | 1 Day |
| **Second Circuit** <br> Did <u>Not</u> Receive §5K1.1 | 49 | 24 (49.0%) | 25 (51.0%) | 0 (0.0%) | 3.3 mo. | 1 Day |
| **Eastern District of New York** <br> Did <u>Not</u> Receive §5K1.1 | 6 | 3 (50.0%) | 3 (50.0%) | 0 (0.0%) | 5.2 mo. | 2.0 mo. |

4816 Twinbrook Rd. Fairfax VA 22032 • office 703-971-0217
info@MCMDataConsulting.com

| Summary of Findings for Rob Walker<br>PSR Position on Guideline Scoring<br>Guilty Pleading, Criminal History Category I Defendants (Zero Points)<br>(Excludes Defendants with a Statutory Minimum Prison Term)<br>National – FY 2004-2019 ||||||| 
|---|---|---|---|---|---|---|
| | Total No. of Cases | Defendants Receiving Probation | Defendants Receiving Prison | Defendants Receiving Time Served (term unspecified) | Average Sentence | Median Sentence |
| **National** §5K1.1 and No §5K1.1 Ds | 38 | 15 (39.5%) | 21 (55.3%) | 2 (5.3%) | 6.5 mo. | 6.0 mo. |
| **Second Circuit** §5K1.1 and No §5K1.1 Ds | 4 | 1 (25.0%) | 3 (75.0%) | 0 (0.0%) | 10.0 mo. | 7.9 mo. |
| **Eastern District of New York** §5K1.1 and No §5K1.1 Ds | 3 | 0 (0.0%) | 3 (100.0%) | 0 (0.0%) | 13.3 mo. | 9.7 mo. |
| **National** Received §5K1.1 | 5 | 3 (60.0%) | 0 (0.0%) | 2 (40.0%) | Probation | Probation |
| **Second Circuit** Received §5K1.1 | 0 | 0 (0.0%) | 0 (0.0%) | 0 (0.0%) | N/A | N/A |
| **Eastern District of New York** Received §5K1.1 | 0 | 0 (0.0%) | 0 (0.0%) | 0 (0.0%) | N/A | N/A |
| **National** Did <u>Not</u> Receive §5K1.1 | 33 | 12 (36.4%) | 21 (63.6%) | 0 (0.0%) | 7.1 mo. | 6.0 mo. |
| **Second Circuit** Did <u>Not</u> Receive §5K1.1 | 4 | 1 (25.0%) | 3 (75.0%) | 0 (0.0%) | 10.0 mo. | 7.9 mo. |
| **Eastern District of New York** Did <u>Not</u> Receive §5K1.1 | 3 | 0 (0.0%) | 3 (100.0%) | 0 (0.0%) | 13.3 mo. | 9.7 mo. |



# MEMORANDUM

**TO:** Brian Griffin, Esquire
Attorney for Richard "Rob" Walker

**FROM:** Meredith Patti, Esquire
Mary Cate Rush, Chief Statistician

**DATE:** May 11, 2021

**SUBJECT:** WALKER – SECOND CIRCUIT ANALYSIS OF DEFENDANTS WHO RECEIVED A SENTENCE ABOVE THEIR GUIDELINE RANGE

---

It is our understanding that the Government has recommended that Mr. Walker should be sentenced above his guideline maximum. The purpose of this memorandum is to determine how often defendants in the Second Circuit are sentenced above their guideline maximum. To do so, we utilized the two most recent years of available data (FY 2018 – FY 2019).

During this time period there were 7,043 defendants sentenced in the Second Circuit. Of these 7,043 defendants, 4,353 defendants had complete guideline calculation information and were not subject to a statutory mandatory minimum sentence.[1] For these 4,353 cases we determined where each defendant was sentenced in relation to their guideline range. The following table, Table A, details these findings.

---

[1] This includes only those cases where the information related to a defendant's guideline calculation(s) represented known court findings. That is, only those cases where the court either agreed with the probation officer's calculations of the sentencing guidelines or where the court clearly documented any changes it made to a defendant's guideline calculation. Of the 7,043 cases, 460 cases did not have complete guideline calculation information and were therefore excluded. After excluding the cases that did not have complete guideline calculation information, 2,230 cases were then excluded because the defendant was subject to a statutory mandatory minimum sentence.

4816 Twinbrook Road Fairfax VA 22032 • office 703-971-0217 • info@MCMDataConsulting.com

*Walker Analysis*
*May 11, 2021*
*Page 2*

### Table A
### Relationship Between Sentence and Guideline Range
### Second Circuit
### FY 2018 – FY 2019

| Sentence Type | Number of Defendants | Percentage of Defendants |
|---|---|---|
| Upward Departure/Upward Variance | 83 | 1.9% |
| Downward Departure/Downward Variance | 1,907 | 43.8% |
| Received USSG §5K1.1 Departure | 523 | 12.0% |
| Government Sponsored Downward Departure/Variance | 395 | 9.1% |
| Early Disposition/USSG §5K3.1 | 25 | 0.6% |
| Within Guideline Range | 1,420 | 32.6% |
| **Total** | **4,353** | **100.0%** |

Of the 83 defendants described in Table A who received an upward departure/upward variance, 17 defendants (20.5%) had "USSG 5K2.21 – Dismissed and Uncharged Conduct" listed as a reason for the upward departure/upward variance.

Mr. Walker is a Criminal History Category I and has no criminal history points. Of the 4,353 defendants described in Table A, we excluded 2,272 defendants because they were not Criminal History Category I or were Criminal History Category I but had a criminal history point. After excluding these defendants, 2,081 cases remained. The following table, Table B, illustrates how the percentage of defendants who received an upward departure/upward variance is even smaller after this exclusion.

4816 Twinbrook Road Fairfax VA 22032 • office 703-971-0217 • info@MCMDataConsulting.com

*Walker Analysis*
*May 11, 2021*
*Page 3*

| Table B Relationship Between Sentence and Guideline Range Criminal History Category I (zero points) Second Circuit FY 2018 – FY 2019 | | |
|---|---|---|
| **Sentence Type** | **Number of Defendants** | **Percentage of Defendants** |
| **Upward Departure/Upward Variance** | 32 | 1.5% |
| **Downward Departure/Downward Variance** | 933 | 44.8% |
| **Received USSG §5K1.1 Departure** | 305 | 14.7% |
| **Government Sponsored Downward Departure/Variance** | 190 | 9.1% |
| **Early Disposition/USSG §5K3.1** | 1 | 0.1% |
| **Within Guideline Range** | 620 | 29.8% |
| **Total** | **2,081** | **100.0%** |

Of the 32 defendants described in Table B who received an upward departure/upward variance, 5 defendants (15.6%) had "USSG 5K2.21 – Dismissed and Uncharged Conduct" listed as a reason for the upward departure/upward variance.

The USSC designates the type of crime for each case included in its data files. This designation is generated by the primary guideline and the count of conviction with the highest statutory maximum. We organized the 2,081 cases described in Table B by type of crime and determined for each case whether the defendant was sentenced above, below or within the applicable guideline range. Table C illustrates these findings.

4816 Twinbrook Road Fairfax VA 22032 • office 703-971-0217 • info@MCMDataConsulting.com

*Walker Analysis*
*May 11, 2021*
*Page 4*

| Table C<br>Relationship Between Sentence and Guideline Range<br>Organized by Crime Type<br>Criminal History Category I (zero points)<br>Second Circuit<br>FY 2018 – FY 2019 | | | | |
|---|---|---|---|---|
| **Crime Type** | **No. of Cases** | **Above Range** | **Below Range** | **Within Range** |
| Administration of Justice | 42 | 2 (4.8%) | 24 (57.1%) | 16 (38.1%) |
| Arson | 2 | | 2 (100.0%) | |
| Assault | 20 | | 15 (75.0%) | 5 (25.0%) |
| Bribery/Corruption | 66 | | 59 (89.4%) | 7 (10.6%) |
| Child Pornography | 61 | 1 (1.6%) | 55 (90.2%) | 5 (8.2%) |
| Commercialized Vice | 19 | 1 (5.3%) | 14 (73.7%) | 4 (21.1%) |
| Drug Possession | 25 | | 1 (4.0%) | 24 (96.0%) |
| Drug Trafficking | 425 | 7 (1.6%) | 328 (77.2%) | 90 (21.2%) |
| Environmental | 17 | | 7 (41.2%) | 10 (58.8%) |
| Extortion/Racketeering | 41 | 2 (4.9%) | 21 (51.2%) | 18 (43.9%) |
| Firearms | 68 | 2 (2.9%) | 48 (70.6%) | 18 (26.5%) |
| Food & Drug | 6 | | | 6 (100.0%) |
| Forgery/Counter/Copyright | 19 | | 18 (94.7%) | 1 (5.3%) |
| Fraud/Theft/Embezzlement | 637 | 8 (1.3%) | 468 (73.5%) | 161 (25.3%) |
| Immigration | 231 | 1 (0.4%) | 42 (18.2%) | 188 (81.4%) |
| Individual Rights | 10 | | 6 (60.0%) | 4 (40.0%) |
| Kidnapping | 5 | | 4 (80.0%) | 1 (20.0%) |
| Money Laundering | 142 | 2 (1.4%) | 125 (88.0%) | 15 (10.6%) |
| Murder | 18 | | 13 (72.2%) | 5 (27.8%) |
| National Defense | 14 | | 13 (92.9%) | 1 (7.1%) |
| Obscenity/Other Sex Offenses | 3 | | 3 (100.0%) | |
| Prison Offenses | 1 | | | 1 (100.0%) |
| Robbery | 45 | 1 (2.2%) | 33 (73.3%) | 11 (24.4%) |
| Sex Abuse | 20 | | 14 (70.0%) | 6 (30.0%) |
| Stalking/Harassing | 12 | 5 (41.7%) | 3 (25.0%) | 4 (33.3%) |
| Tax | 111 | | 98 (88.3%) | 13 (11.7%) |
| Other | 21 | | 15 (71.4%) | 6 (28.6%) |
| **Total** | **2,081** | **32 (1.5%)** | **1,429 (68.7%)** | **620 (29.8%)** |

4816 Twinbrook Road Fairfax VA 22032 ● office 703-971-0217 ● info@MCMDataConsulting.com

*Walker Analysis*
*May 11, 2021*
*Page 5*

Based on the guideline used for Mr. Walker's scoring and his statute of conviction, his offense would be classified by the USSC as Administration of Justice. According to the USSC's 2019 Annual Report and Sourcebook of Federal Sentencing Statistics, Administration of Justice offenses include obstructing or impeding officers, contempt, obstruction of justice, perjury or subornation of perjury, bribery of a witness, impersonation, failure to appear by offender, failure to appear by material witness, commission of offense while on release, payment of witness, and misprision of a felony This category includes offenders sentenced under USSG §§2A2.4, 2J1.1, 2J1.2, 2J1.3, 2J1.4, 2J1.6, 2J1.9, and 2X4.1.[2]

Mr. Walker's guideline scoring is calculated using USSG §2J1.2. Of the 42 Administration of Justice cases described in Table C, 19 of these cases were scored according to USSG §2J1.2. The following table, Table D, shows how these 19 defendants were sentenced relative to their guideline range.

**Table D**
**Relationship Between Sentence and Guideline Range**
**Crime Type – Administration of Justice**
**Scored According to USSG §2J1.2**
**Criminal History Category I (zero points)**
**Second Circuit**
**FY 2018 – FY 2019**

| Category | No. of Cases | Percentage |
|---|---|---|
| Below Guideline Range | 13 | 68.4% |
| Within Guideline Range | 5 | 26.3% |
| Above Guideline Range | 1[3] | 5.3% |
| **Total** | **19** | **100.0%** |

---

[2] See https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2019/2019-annual-report-and-sourcebook.pdf at page 211.

[3] This 40-year old male defendant (Illegal Alien – Great Britain) was convicted after trial of violating 18 USC §4013. His statutory maximum sentence was Life Imprisonment and his Total Offense Level was 14 (15-21 months of imprisonment). This defendant was sentenced in the Southern District of New York in May 2018 to 24.0 months of imprisonment.