

250 Vesey Street
27th Floor
New York, NY 10281

wmhlaw.com
T: 212-335-2030
F: 212-335-2040

March 8, 2021

**To Be Submitted Under Seal**

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Richard "Rob" Walker
     Docket No. 18-CR-087 (JMA)

Your Honor,

  Thank you for the opportunity to be heard in this matter.

  We represent the individual identified in the above-referenced indictment as the "Contractor" and in the parties' correspondence as the "Contractor" or the "Cooperating Witness." We refer to him here as our "Client" or as the "Contractor." Chambers and the Government have provided us with access to certain documents that are presently under seal (the "Sealed Documents"), which we identify in the attached Appendix. Certain of these documents identify our Client by name or otherwise contain information which personally identifies him (collectively, our Client's "Personal Information"). We understand that the Court is contemplating unsealing the Sealed Documents.

  For the reasons set out below, we respectfully request that, to the extent the Court orders unsealing of the Sealed Documents, the Court permit redactions of our Client's Personal Information. It seems clear the Court sealed the documents at issue in 2018 in large part to protect our Client from unnecessary harm. Our review of the limited record does not show that anyone today is asking the Court to revisit its 2018 decision or, more importantly, asking the Court to reveal our Client's identity. Nonetheless, the considerations animating the Court's original decision to seal the documents and protect our Client's identity remain equally valid (if not more so) today. Our Client is a third party in this case, is not an unindicted co-conspirator and has not been accused of any crime in connection with the events underlying the charges against Mr. Walker. There is a long tradition in this District of taking reasonable steps to protect the identity of cooperating witnesses, confidential informants and uncharged third parties. Here, Mr. Walker pleaded guilty and thus there was no need for our Client to testify. It therefore makes no sense to reveal his identity now, especially given that his name and identity are wholly irrelevant to the only issue that remains to be decided in the case: the appropriate sentence for Mr. Walker.

  We therefore request that the Court refrain from *sua sponte* unsealing the Sealed Documents, as the result will only be to reveal our Client as the confidential informant in this case.

If, however, the Court is inclined to do so, we request that narrow measures be taken to protect our Client from unnecessary injury. When the Court was originally deciding in 2018 whether or not to seal the documents at issue, counsel for Mr. Walker proposed redacting the documents to protect our Client's identity. We agree with such an approach. Similarly, Mr. McConnell has confirmed to me this weekend that the Government also believes that redactions would be appropriate (in the event the Court decides to unseal the documents at issue). For the sake of convenience, and in the event the Court orders the Sealed Documents be publicly filed, we are providing the Court with copies of the relevant Sealed Documents containing our proposed redactions and ask that these redactions be made before unsealing.

## The Sealing of Defendant Walker's 2018 Motion Papers

On July 19, 2018, the Government requested that the Court seal the Defendant's "suppression motion and all responsive filings" because of the "substantial probability of prejudice to a compelling interest." Specifically, the Government argued that, "to publicly file documents that will identify [the Contractor] and reveal the specifics and extent of his cooperation – at this stage of the case – will needlessly put him at risk of retaliation and deny him the same treatment afforded to every similarly-situated witness." The Government further explained that the Contractor had already expressed "that he has suffered negative personal and business ramifications as a result of his public testimony" in another matter.

On July 24, 2018, counsel for Mr. Walker opposed the Government's request that his suppression motion papers be sealed, arguing that "our motion can be made without naming [the Contractor] publicly nor identifying him" and agreed to refer to him as the "CW" in papers and to redact "any direct reference to his identifying information (ie: actual name or documents that name him)."

The Court ordered that the 2018 motion papers be sealed, presumably for all of the reasons articulated by the Government in its July 19, 2018 letter concerning the needless prejudice to our Client if the motion papers were publicly filed.

## The Present Dispute Concerning Defendant Walker's Sentencing Submission

We understand the parties now dispute whether Mr. Walker's sentencing submission should be sealed. We take no position on this issue, but request that any of our Client's Personal Information contained in the parties' sentencing submissions be redacted to protect his personal identity.

## The Court's Reasons For Protecting Our Client's Identity in 2018 Remain Valid Today

When considering whether to seal documents, "'[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'" *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (quoting *Gardner v. Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990). "Among the factors for a court to consider in evaluating the privacy interest of those opposing disclosure are . . . . 'the nature and degree of the injury' that will be caused by revealing the information, which may include determining 'whether the nature of the materials is such that

2

there is a fair opportunity for the subject to respond to any accusations therein.'" *Roberts v. Lederman*, No. 04 Cv. 33 (NGG), 2004 WL 2238564, at \*7 (E.D.N.Y. Oct. 4, 2004) (quoting *Amodeo*, 71 F.3d at 1050-51).

Although our Client has pleaded guilty to a different crime and has testified as a cooperating witness in a different case, he has not been charged in this case and has not been charged with any criminal conduct in connection with his role in this matter or in connection with his relationship with Mr. Walker. Moreover, nothing has changed since 2018 and the privacy concerns that formed the basis for the Court's 2018 decision to seal remain identical and equally valid today. More specifically, our Client had already testified as a cooperator in 2018 when this Court sealed Mr. Walker's motion papers in order to protect our Client's identity. His role as a confidential informant in Mr. Walker's case had not been mentioned or alluded to in the other case in which he had testified.

Just as in 2018, public disclosure of our Client's identity in a manner that reveals the specifics and extent of his cooperation in this case will needlessly put him at risk of further retaliation and will unnecessarily compound the negative personal and business ramifications that have already resulted from his public testimony. The prior public disclosures of our Client's cooperation in connection with his testimony significantly tarnished his reputation, resulting in his loss of a majority of his business contacts and relationships. It led to his resignation from, and forced sale of his ownership stakes in, two of his former businesses. In addition, it caused meaningful injury to innocent third parties. Because of the damage to our Client's reputation, his businesses could not afford to pay all of their employees and had to terminate the employment of a number of employees and staff. Since 2018, our Client has been working to rebuild his reputation, but public disclosure of his identity as the confidential informant in this case will almost certainly cause renewed damage to the reputation and the business prospects he has been attempting to rebuild, cultivate and rehabilitate for the past three years.

To the extent the Court determines it is necessary to unseal the Sealed Documents, allowing redactions that would protect our Client's Personal Information is a reasonable way to avoid such unnecessary harms. *See Raptor Trading Sys., Inc. v. Beth*, No. 16 Cv. 3430 (RA), 2020 WL 7066279, at \*1 (S.D.N.Y. Sept. 22, 2020) (finding that a party's "business interest in maintaining the confidentiality of the name of a potential third-party purchaser, as well as the details of the proposed sale, sufficient to rebut the common-law presumption of access.").

The identities of third parties, including unindicted co-conspirators and victims, is traditionally shielded from public disclosure to avoid unnecessarily tarnishing the reputations of such individuals. As the Court is aware, the United States Attorney's Manual § 9-27.760 makes clear that:

> "In all public filings and proceedings, federal prosecutors should remain sensitive to the privacy and reputation interests of uncharged third-parties. In the context of public plea and sentencing proceedings, this means that, in the absence of some significant justification, it is not appropriate to identify (either by name or unnecessarily-specific description), or cause a defendant to identify, a third-party wrongdoer unless that party has been officially charged

3

with the misconduct at issue.   In the unusual instance where identification of an uncharged third-party wrongdoer during a plea or sentencing hearing is justified, the express approval of the United States Attorney and the appropriate Assistant Attorney General should be obtained prior to the hearing absent exigent circumstances." (emphasis added).

Courts in this district routinely honor these principles and protect third parties by permitting the redaction of third parties' names and personally-identifiable information. *See, e.g., McCord v. Reardon*, No. 20 Cv. 2005 (EK), 2020 WL 8642132, at *2 (E.D.N.Y. Nov. 30, 2020) (redacting the names of victims from state court records and other publicly filed documents and replacing them with initials); *Strike 3 Holdings, LLC v. Doe*, No. 20 Cv. 4501 (WFK) (VMS), 2021 WL 535218, at *6 (E.D.N.Y. Feb. 12, 2021) (ordering a nonparty internet service provider to file proof of service to a subscriber with the name and address of the subscriber redacted).

Limited redactions tailored to protect our Client's identity would not prejudice the parties or the public because our Client's Personal Information is wholly irrelevant to the Court's determination of an appropriate sentence for Mr. Walker. *See United States v. King*, No. 10-CR-122 (JGK), 2012 WL 2196674, at *3 (S.D.N.Y. June 15, 2012) (permitting redaction of medical information because "because such materials are truly tangential to the sentencing decision in this case.").

As noted above, counsel for Mr. Walker previously made clear in his July 24, 2018 letter that redactions of the Contractor's personally identifying information were appropriate at that time. The Government is aware of our request for redactions (as alternative relief in the event the Court unseals all of the the Sealed Documents) and joins in our request.

Conclusion

For the foregoing reasons, we respectfully request that, if the Court *sua sponte* unseals the 2018 Sealed Documents, the Court permit our proposed redactions of his Personal Information from those materials.  For convenience, copies of our proposed redactions are enclosed.

Respectfully submitted,

By:  _____

Sean Haran

Enclosures

cc:    AUSA Artie McConnell (by email)
       Brian Griffin, Esq. (by email)

4

## APPENDIX

| Date | Sealed Document | Proposed Redactions |
|---|---|---|
| July 19, 2018 | Government's Letter Requesting Documents be Filed Under Seal[1] | Yes |
| July 24, 2018 | Defendant's Opposition to the Government's Request to Seal[2] | Yes |
| July 26, 2018 | Defendant's Pretrial Motions, Memorandum of Law, and Exhibits[3] | Yes |
| September 14, 2018 | Government's Opposition to Defendant's *Kastigar* Motion (ECF No. 32)[4] | Yes |
| September 14, 2018 | Government's Opposition to Defendant's Pretrial Motions | None |
| October 12, 2018 | Defendant's Reply in Further Support of Defendant's *Kastigar* Motion (ECF No. 37) | None |
| October 12, 2018 | Defendant's Reply in Further Support of Defendant's Pretrial Motions | None |
| September 11, 2020 | Defendant's Objections to Pre-Sentence Report[5] | Yes |
| January 18, 2021 | Defendant's Response to the Government's Letter Opposing Sealing of Defendant's Sentencing Submission[6] | Yes |
| January 22, 2021 | Government's Letter Opposing Sealing of Defendant's Sentencing Submission | None |
| January 29, 2021 | Government's Sentencing Letter | None |

---

[1] Proposed redactions appear on pages 1 - 3 of the Government's Letter Requesting Documents to be Filed Under Seal.

[2] Proposed redactions appear on page 1 of Defendant's Opposition to the Government's Request to Seal.

[3] Proposed redactions appear on page 2 of Defendant's Memorandum of Law and pages 1 - 12 of Exhibit D. Exhibit D was already heavily redacted. Our proposed additional redactions are limited to: (A) our Client's initials on the Bates numbers on the bottom of each page; (B) the text following the "To" lines on pages 1, 2, 7, and 8; and (C) certain names that have not already been redacted but which would serve to identify our Client.

[4] Proposed redactions appear on page 17 of the Government's Opposition to Defendant's *Kastigar* Motion and page 5 of Exhibit B. Exhibit B was already heavily redacted and our proposed redactions are to two names and one description.

[5] Proposed redactions appear on page 1 of Defendant's Objections to Pre-Sentence Report.

[6] Proposed redactions appear on page 1 of Defendant's Response to the Government's Letter Opposing Sealing of Defendant's Sentencing Submission.