

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAM                                             *610 Federal Plaza*
F.# 2016R02202                                  *Central Islip, New York 11722*

November 11, 2021

<u>By ECF and Email</u>

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Richard Walker
      <u>Docket No. 18-CR-087 (JMA)</u>

Dear Judge Azrack:

        The government respectfully submits this letter in response to the defendant's October 7, 2021 supplemental submission (the "October 7th Submission") and in further support of a 48-month prison sentence.

        In his October 7th Submission, the defendant includes reports from MCM Data Consulting that, he claims, "detail comparative sentences [of] defendants similar to [defendant Walker]." These reports do no such thing. At best, these reports and the statistics contained therein are of limited utility, as they represent mere averages among cases whose fact patterns necessarily vary widely. [1] Indeed, the defendant's case presents several unique factors that distinguish it from the overwhelming majority of cases.

        For example, the defendant's continued attempts to minimize his own offense conduct is atypical. Specifically, he continues to characterize the underlying $5,000 cash

---

        [1]     In particular, the sentences for defendants who earned downward departures based on cooperation with the government are wholly inapplicable. As discussed in the government's sentencing memorandum, the defendant was not a cooperating witness in this case or in any other matter; the government will not be filing a motion pursuant to U.S.S.G. Section 5K1.1; and the Court should not consider his participation in <u>United States v. Skelos</u>, 15-CR-317 (KMW) in its analysis pursuant to 18 U.S.C. § 3553(a).

payment he received from the Contractor as "an attempt to even things out" with respect to shared vacation expenses.[2]  This explanation is illogical, cannot be credited and differentiates the instant defendant from the vast majority of individuals who show actual contrition.  See United States v. Broxmeyer, 699 F.3d 265, 295 (2d Cir. 2012) (stating that defendant's "lack of remorse for, or even appreciation of, the seriousness of the totality of his conduct…further expand[s] the range of substantively reasonable sentences to allow the district court to afford adequate specific deterrence and protection of the public"); accord United States v. Kaziu, 559 F. App'x 32, 39 (2d Cir. 2014) (summary order).

The defendant's relevant conduct also puts this case outside the ambit of any otherwise comparable matters.  As detailed in the government's sentencing submission and in the PSR, the defendant received hundreds of thousands of dollars from political organizations to pay his personal credit card bills.  While he claims these expenses were "proper," he can provide no receipts or underlying documentation justifying any legitimate reason for such payments.[3]  More significantly, the treasurers and account signatories of two of these organizations – the Friends of Ed Mangano ("FOEM") and the Hicksville Republican Club ("HRC") – refused to cooperate with law enforcement and invoked the Fifth Amendment privilege in connection with the defendant's conduct.  The defendant's former assistant also refused to speak with law enforcement and invoked the Fifth Amendment privilege when asked about the private consulting firm she founded with the defendant's help – a consulting firm that received tens of thousands of dollars in contracts from the HRC and the Friends of Nassau County Recreation ("FONCR") – and her suspicious cash withdrawals from corporate accounts.[4]  Additionally, though the defendant claimed he acted as a "volunteer advisor" on a 2018 congressional campaign, his consulting firm received four checks totaling $12,000, payments which were solicited by the defendant and were not for any services rendered.[5]

---

[2]    As discussed in the Pre-Sentence Report and addendum (collectively, "the PSR"), "hotel and airline records indicate that the Contractor paid approximately $2,617.08 for the two hotel rooms…and the defendant used [frequent flyer miles] and a nominal amount of money…to pay for airfare, collectively valued at approximately $2,400."  PSR Addendum, page 1.  Given that expenses were shared equitably, it is inconceivable that that the Contractor felt compelled to "even things out" with a cash payment that was the approximate cost of the entire trip.  Id.  This rationale is also completely at odds with both the Contractor's and the defendant's prior statements about the $5,000 payment.

[3]    The PSR notes that charges included multiple shipments of wine from California; two payments of $14,425 to a spa/hotel in Napa Valley on September 14, 2014 and October 28, 2014; and approximately $32,500 to pay the defendant's personal legal bills.

[4]    As the PSR notes, her behavior is even more anomalous considering she resided in Malta, New York during the time period of these contracts and was billing FONCR for her travel expenses between Malta and Long Island.

[5]    As noted in the PSR, the defendant has not provided any invoices that show the professed "services rendered," and the payor, when interviewed by law enforcement in

As the above factors make clear, the defendant can cite no analogue to the instant case.  The formulaic conclusions in the defendant's October 7th Submission are therefore not instructive here.  Rather, the defendant's brazen abuse of his official position, the continued minimization of his criminality, and the breadth and significance of his uncharged relevant conduct distinguish him from the vast majority of other defendants and justify an above-Guidelines sentence of 48 months imprisonment.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/                                  
Artie McConnell
Assistant U.S. Attorney
718-254-7150

cc:    Brian Griffin, Esq. (by ECF)
Lisa Langone, United States Probation Officer (by E-mail)

---

the presence of counsel, admitted that the $12,000 was simply solicited by the defendant and was not for any services received or performed.