

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

JAM
F.# 2016R02202

*610 Federal Plaza
Central Islip, New York 11722*

November 16, 2021

By ECF and Email

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Richard Walker
     Docket No. 18-CR-087 (JMA)

Dear Judge Azrack:

  The government respectfully submits this letter in response to the defendant's November 15, 2021 submission and in further support of the government's request for an above-Guidelines sentence. As outlined in the government's January 29, 2021 sentencing submission, and reiterated in our November 11, 2021 supplemental letter, certain relevant conduct, undertaken by the defendant, should be considered by this Court in fashioning an appropriate sentence. Nothing in the defendant's November 15, 2021 submission undermines the government's proffered evidence.

  In particular, at issue in the parties' supplemental submissions are certain monetary transactions involving payments made to the defendant by the Friends of Ed Mangano ("FOEM"). While the government agrees that the relevant payments were disclosed to the New York State Board of Elections, "at issue is not whether the payments were properly disclosed, it is whether there was a *legitimate, documented, permissible reason* underlying those payments." (Pre-Sentence Report ("PSR") Addendum, p. 2 (emphasis added)). Simply put, there is no documentation justifying any valid reason for the approximately $275,000 in payments to the defendant's personal credit card by the FOEM between 2012 and 2014, and the defendant's supplemental submission wholly, and notably, fails to rectify this defect.

  Specifically, regarding the expenses cited by the defendant on page 2 of his November 15 submission, and contrary to the defendant's claim that "[t]here are records for each and every one of these payments," no documentation supporting these expenses was

provided by FOEM in response to a 2014 grand jury subpoena or, even, by the defendant in response to the government's sentencing submissions. As noted in the PSR, FOEM only provided documentation for $22,000 of the $275,000 it paid to the defendant for personal credit card expenses, which included $20,000 for 2012 and $2,000 for 2013. FOEM provided no documentation for *any* payments in 2014, despite paying $120,000 of the defendant's personal credit card expenses that year. (See PSR Addendum, p. 2). Moreover, the materials provided by FOEM in response to the subpoena – totaling only 35 pages – consisted largely of checks paid to the defendant and the defendant's credit card statements and was devoid of receipts, memoranda, invoices or other supporting materials. Notably, the production from FOEM did not include the contract and receipt for $28,850.00 for the Carneros Inn in Napa Valley, attached to the defendant's submission as Exhibit A. Nor were these documents provided to the Department of Probation during the preparation of the PSR or PSR Addendum, and they were provided to the government for the first time when attached to the defendant's November 15 filing.

Given the late disclosure of these (still incomplete) materials and the total lack of cooperation from FOEM administrators, is it not possible to determine the propriety of these – or any other – claimed expenses. Indeed, nothing in the defendant's submission indicates that the expenses for this trip to Napa Valley, which was reimbursed by the FOEM, were incurred for a legitimate, permissible reason. Significantly, there is no list of participants, no itinerary of events, no evidence of any fundraising efforts, and no indication that any funds were actually raised on behalf of the FOEM during this apparent four-day excursion to Napa Valley. Accordingly, the defendant's November 15 filing does nothing to remove this conduct from the realm of conduct reviewable by this Court, and the government submits that it has established, by a preponderance of the evidence, that the defendant received hundreds of thousands of dollars from political organizations to pay his personal credit card bills.

The government reiterates its responses to the remaining defense objections to the PSR and PSR Addendum, which should remain unchanged.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Artie McConnell
Assistant U.S. Attorney
718-254-7150

cc:   Brian Griffin, Esq. (by ECF)
       Lisa Langone, United States Probation Officer (by E-mail)