

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JAM
F.# 2016R02202

*610 Federal Plaza*
*Central Islip, New York 11722*

November 23, 2021

By ECF and Email

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Richard Walker
                Docket No. 18-CR-087 (JMA)

Dear Judge Azrack:

        The government respectfully submits this letter to supplement the record regarding payments the defendant received from the Hicksville Republican Committee ("HRC") to cover personal expenditures, including his legal bills. While defense counsel contended at the hearing that HRC had not paid a "nickel" of the defendant's legal fees, a review of the available records shows that the HRC paid a variety of legal expenses on the defendant's behalf. Transcript of November 19, 2021 Proceedings ("Tr."), pp. 43-4.

        Specifically, on October 1, 2015, a grand jury subpoena, attached hereto as Exhibit A, was issued to the defendant for "datebooks, diaries, journals or calendars (electronic or otherwise) for April 2010," in connection with an investigation of corruption and obstruction of justice involving the Mangano administration. The next day, on October 2, 2015, a $5,000 check was issued from an HRC account to defense counsel's law firm, attached hereto as Exhibit B. On October 15, 2015, defense counsel sent a letter to the government on his firm's letterhead, attached as Exhibit C, responding to the subpoena. The letter was captioned "Re: Rob Walker," explicitly referenced the October 1, 2015 subpoena, and provided responsive documents. Thereafter, three subsequent checks were issued from HRC

accounts to defense counsel's firm for $7,500, $10,000 and $10,000 on November 3, 2015, December 10, 2015 and February 25, 2016, respectively, attached hereto as Exhibit D.[1]

Notably, a separate grand subpoena duces tecum was issued to HRC on December 12, 2014. The government received a response to that subpoena from LaRusso and Conway, LLP, which contained a letter with the signature block "Counsel to Hicksville Republican Committee."

As such, the government reiterates its position that a preponderance of the evidence proves that the defendant used funds from the HRC for his own personal benefit, including to pay for his legal expenses. While it is unclear whether the aforementioned payments relate to the instant criminal matter, this distinction is immaterial – the HRC payments were plainly for the defendant and to cover his personal legal expenses. The PSR and PSR Addendum should remain unchanged in this respect.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Artie McConnell
Assistant U.S. Attorney
718-254-7150

cc: Brian Griffin, Esq. (by ECF)
Lisa Langone, United States Probation Officer (by E-mail)

---

[1] As noted in the Pre-Sentence Report ("PSR") and addendum, the HRC Treasurer stated that he had been "stupid on purpose" and "did not ask" about claims submitted by the defendant for reimbursement, preferring instead to "stay[] out of it" and "not be involved." PSR Addendum, p. 3. The HRC Treasurer did not recall if HRC had legal issues or retained counsel at the time the payments to counsel's firm were made.